HALLOW v. HYMAN et al.

(Supreme Court, Appellate Term, First Department. May 14, 1914.)

MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—BREACH—QUESTION
FOR JURY.

    In an action for damages for breach of a three-year contract of employment, where the only question was as to the hour when plaintiff was required to begin work, *held* error to dismiss the complaint at the close of plaintiff's evidence.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

    Appeal from City Court of New York, Trial Term.

    Action by Anna Hallow against Isaac B. Hyman and another. From a judgment dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial granted.

    Argued May term, 1914, before GUY, BIJUR, and PENDLE-TON, JJ.

    Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

    Moos, Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for respondents.

    BIJUR, J. Plaintiff sued for damages arising out of the alleged breach by defendants of a three-year contract of employment. The record shows that the only question involved was as to the hour when plaintiff was required to begin work. The contract provided that she "agrees to give her full time and attention to the work for the best interests [of defendants] at all times." She testified that at the time of the making of the contract she had already been in defendants' employ for a year under a previous contract, and had attended from 10 to 6 o'clock daily, and that at the time of the making of the new contract it was agreed that the hours should remain the same, and that she had, for a year and a half prior to her discharge, observed those hours without objection or comment. On March 4, 1912, she received a letter directing her to come to work at 8:30 every morning. On the following two days she came to work at 10 o'clock as usual. On the second day after the receipt of the letter, one of the defendants came to her and told her that she was discharged, saying:

    "It is a matter of opinion one way or another, other than hours and method of work."

    After the motion to dismiss had been made, plaintiff's counsel asked to go to the jury on a number of questions of fact, including: Whether the parties had not originally agreed on the hours of 10 to 6; whether that was not the custom of the trade; whether the letter delivered to plaintiff was an order of the defendants; and whether the order was reasonable.

    I do not understand on what theory the complaint could have been dismissed, as plaintiff had certainly made out a complete prima facie

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case with adequate proof of damage. The mere fact that on a previous trial it was shown that she had given answers in some respects contradicting what she testified to on the present trial did not destroy the prima facie case, but were only circumstances to be considered by the jury in determining at which trial she had spoken the truth. Apart from that, however, these contradictions were only in reference to the purport of the conversation when plaintiff was discharged, and the fact whether she realized that the letter of March 4th was an authoritative order from the defendants. In no event did this affect the fundamental question whether the agreement originally made did not fix her hours as from 10 to 6 o'clock, concerning which plaintiff was in no wise contradicted; and whether, even if there were no such agreement, the requirement to report at 8:30 in the morning was not unreasonable, on which plaintiff was not allowed to give any testimony, although she offered to do so.

Judgment reversed and new trial granted, with costs to appellant to abide the event.

PENDLETON, J., concurs. GUY, J., concurs in the result.